UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERMAN WAGNER,

    Petitioner,

                                   CASE NO. 2:06-CV-10514
v.                                 HONORABLE VICTORIA A. ROBERTS
                                 UNITED STATES DISTRICT JUDGE

WILLIE O. SMITH,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION FOR ENLARGEMENT OF TIME, DENYING THE MOTION FOR REHEARING, DENYING THE MOTION FOR A CERTIFICATE OF APPEALABILITY, DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL, AND DENYING AS MOOT THE REQUEST TO PROCEED IN FORMA PAUPERIS ON APPEAL**

On August 15, 2007, this Court issued an opinion and order denying Petitioner's application for habeas relief brought pursuant to 28 U.S.C. § 2254. This Court also denied Petitioner a certificate of appealability but granted him leave to appeal *in forma pauperis. Wagner v. Smith,* No. 2007 WL 2413088 (E.D.Mich. August 15, 2007).

Petitioner has now filed a motion for enlargement of time to file a motion for rehearing, a motion for rehearing, a motion for a certificate of appealability, a motion for the appointment of appellate counsel, and an application for leave to appeal *in forma pauperis*. For the reasons stated below, the motions are DENIED.

As an initial matter, because this Court previously denied Petitioner a certificate of appealability when it denied the petition for writ of habeas corpus, the Court will construe

1

Petitioner's motion for a certificate of appealability as a motion for reconsideration of the Court's prior order to deny a certificate of appealability in this case. *See e.g. Jackson v. Crosby,* 437 F. 3d 1290, 1294, n. 5 (11th Cir. 2006).

Petitioner is not entitled to reconsideration of the Court's opinion and order denying him habeas relief and denying him a certificate of appealability because petitioner's motions for rehearing are untimely in this case. The Court issued its opinion on August 15, 2007. Petitioner signed and dated his motion for rehearing and his motion for a certificate of appealability on September 12, 2007. E.D. Mich. L.R. 7.1(g)(1) states that: "A motion for rehearing or reconsideration must be filed within ten days after entry of the judgment or order." *Id.* The provisions of Local Rule 7.1 are analogous to Fed.R.Civ.P. 59(e), which provides that any motion to alter or amend a judgment shall be filed no later than ten days after entry of the judgment. *United States v. Moss*, 189 F.R.D. 354, 355, n. 2 (E.D. Mich. 1999). A habeas petitioner's motion to amend or alter judgment denying a petition for writ of habeas corpus is untimely when it is filed more than ten days after the judgment is entered. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999).

In the present case, Petitioner signed and dated his motion for rehearing and his motion for a certificate of appealability on September 12, 2007. Under the prison mailbox rule, a federal habeas petition or other pleadings is filed when the prisoner gives his petition to prison officials for mailing to the federal courts. *United States ex. rel. Drain v. Washington,* 52 F. Supp. 2d 856, 860 (N.D. Ill. 1999). Absent evidence to the

2

contrary, a federal court will assume that a prisoner gave his habeas petition or other pleadings to prison officials on the date he signed it. *See e.g. Hudson v. Martin,* 68 F. Supp. 2d 798, 799, n. 2 (E.D. Mich. 1999). This Court is therefore willing to apply the prison mailbox rule in determining whether Petitioner's motion for rehearing and his motion for a certificate of appealability were timely filed within the ten day limit for filing such a motion. *See Aird v. United States,* 339 F. Supp. 2d 1305, 1308 (S.D. Ala. 2004). This Court also excludes Saturdays, Sundays, and legal holidays from the computation of the time for filing a motion for reconsideration. *See Johnson v. Unknown Dellatifa,* 357 F. 3d 539, 542 (6th Cir. 2004). However, even giving Petitioner the benefit of the prison mailbox rule and even excluding Saturdays, Sundays, and legal holidays from the computation, any motion for reconsideration was due no later than August 29, 2007. Petitioner's motions are therefore untimely.

District courts do not have discretion to enlarge the time for filing a motion to alter or amend judgment brought under Rule 59(e). *FHQ Equities, LLC v. MBL Life Assurance Corp.,* 188 F. 3d 678, 682 (6th Cir. 1999). A district court is also without power to enlarge the time for making motions for reconsideration of their orders. *Denley v. Shearson/American Express, Inc.,* 733 F. 2d 39, 41 (6th Cir. 1984). Simply put, this Court lacks jurisdiction to entertain petitioner's motions for rehearing or for reconsideration of the Court's earlier decision to deny him a certificate of appealability, because the motions were filed more than ten days after the Court issued its opinion and order to dismiss the habeas petition. *See Allen v. Hemingway,* 24 Fed. Appx. 346, 347 (6th Cir. 2001).

Accordingly, the motions for enlargement of time, for rehearing, and for a certificate of appealability will be denied.

Moreover, even if the motions were untimely, the Court would nonetheless deny petitioner's request for reconsideration of the Court's earlier order. U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Michigan Regional Council of Carpenters v. Holcroft L.L.C.* 195 F. Supp. 2d 908, 911 (E.D. Mich. 2002)(*citing to* U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (g)(3)). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Id.*

In the present case, Petitioner merely advances the same arguments that he raised in his initial petition. Petitioner's request for reconsideration will therefore be denied, because Petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied Petitioner's application for writ of habeas corpus and denied him a certificate of appealability. *See Hence,* 49 F. Supp. 2d at 553.

Petitioner has also filed a request for the appointment of counsel to assist him with his appeal. However, on September 12, 2007, petitioner filed a notice of appeal with the Sixth Circuit. It is well settled that the filing of a notice of appeal transfers jurisdiction

4

over the merits of the appeal to the appellate court. *Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992). Petitioner's notice of appeal divests this Court of jurisdiction to consider his motion for the appointment of appellate counsel. *See Glick v. U.S. Civil Service Com'n,* 567 F. Supp. 1483, 1490 (N.D. Ill. 1983); *Brinton v. Gaffney,* 560 F. Supp. 28, 29-30 (E.D. Pa. 1983). Because jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal, Petitioner's motion for the appointment of appellate counsel would be more appropriately addressed to the Sixth Circuit. *See Grizzell v. State of Tennessee,* 601 F. Supp. 230, 232 (M.D. Tenn. 1984).

Accordingly, this Court dismisses Petitioner's motion for the appointment of appellate counsel without prejudice to Petitioner re-filing a motion for the appointment of appellate counsel in the United States Court of Appeals for the Sixth Circuit.

Finally, because the Court has already granted Petitioner leave to appeal *in forma pauperis,* the Court will deny as moot his request to proceed in forma pauperis on appeal.

## ORDER

IT IS ORDERED that the Motions for Enlargement of Time [Court Dkt. Entry # 24], the Motion for Rehearing [Court Dkt. Entry # 27], and the Motion for a Certificate of Appealability [Court Dkt Entry # 28] **are DENIED.**

IT IS FURTHER ORDERED that the Motion for Appointment of Counsel [Court Dkt. Entry # 30] is **DENIED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that the Request to Proceed In Forma Pauperis [Court

Dkt. Entry # 29] is **DENIED AS MOOT**.

                                                S/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: October 25, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on October 25, 2007.

s/Carol A. Pinegar
Deputy Clerk

---